UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IATONDA TAYLOR #225263,

    Petitioner,                                 Case No. 1:14-cv-1284

v.                                               HON. JANET T. NEFF

KENNETH T. MCKEE,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as time-barred. The matter is presently before the Court on Petitioner's objection to the Report and Recommendation. Petitioner has also filed five separate motions in this case, seeking the recusal or disqualification of judges, the appointment of counsel and remand. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and the various motions and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

I. Objection

Petitioner raises no substantive objection to the Magistrate Judge's legal analysis of the time bar issue, which resulted in a determination that his habeas petition was barred by the one-year

statute of limitations under 28 U.S.C. § 2244(d)(1). Petitioner argues only that the Magistrate Judge erred in her "disregard for" the August 25, 2014 order of Judge Zatkoff in the Eastern District of Michigan, which denied his habeas corpus petition in that court "without prejudice to Petitioner filing a new petition in this Court," stating that "a new petition will not be considered second or successive under 28 U.S.C. § 2244(b)." *See Taylor v. Wolfenberg*, Case No. 2:10-CV-11780, "Order Construing Motion for Writ of Habeas Corpus as Motion to Reopen Proceeding and Denying Motion," Dkt 22 (E.D. Mich. Aug. 25, 2014). Petitioner contends that if Judge Zatkoff would have found that his petition was time-barred, he would have ruled it time-barred. This argument is without merit. The Eastern District court had no occasion to rule on the time-bar issue because Petitioner filed the habeas petition in his previous case despite a Judgment dismissing that case on April 11, 2011. It was nearly three years later when Petitioner filed his Motion for Writ of Habeas Corpus on February 11, 2014, in the then-closed case, which the Eastern District construed as a motion to reopen his habeas case, not a "new" petition.

In any event, the Magistrate Judge detailed the procedural history and chronology of Petitioner's habeas corpus petitions and related actions in the Report and Recommendation (Dkt 7 at Page ID# 68-69), and applied the governing law in considering the timeliness of the instant habeas petition. Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion that his habeas petition is time-barred.

## II. Motions

Petitioner has filed two motions to appoint counsel (Dkts 4, 14). The appointment of counsel in a civil proceeding is justified only by "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Petitioner fails to show any exceptional circumstances justifying the

appointment of counsel, and regardless, these motions are moot since his habeas petition is time-barred.

Petitioner has filed a motion to disqualify State of Michigan Circuit Court Judge George S. Buth (Dkt 5); a motion for disqualification or recusal of Magistrate Judge Ellen S. Carmody and the undersigned based on previous cases in which rulings unfavorable to him were made (Dkt 9); and a motion to remand as a result of various alleged "Misconducts and Violations" in this Court by the undersigned and Magistrate Judge Carmody (Dkt 13). These motions are without merit and are denied. There is no basis for a motion for this Court to disqualify a state court judge. Moreover, it appears Petitioner repeatedly moved for Judge Buth's disqualification in the state courts, and his motions were denied. *See Taylor*, Case No. 2:10-cv-11780, Dkt 21-1 Page ID# 562-571 (E.D. Mich. Feb. 11, 2014).

Further, the motions to remand and for disqualification are based essentially on alleged bias because of unfavorable rulings, which fails to warrant disqualification. The standard for recusal is an objective one: "'a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citation omitted). Petitioner's mere subjective view does not support disqualification. *See id.* ("[T]he judge need not recuse himself based on the 'subjective view of a party,' no matter how strongly that view is held.") (citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, Petitioner is incorrect the Magistrate Judge lacked subject matter jurisdiction. The statutory text of 28 U.S.C. § 636 explicitly permits this Court to refer dispositive matters to a magistrate judge to prepare "proposed findings of fact and recommendations

3

for [their] disposition," pursuant to § 636(b)(1)(B), and other matters to a magistrate judge for their determination pursuant to § 636 (a) and (b)(1)(A). Petitioner's contentions in these various motions provide no basis for disqualification, recusal, or remand to the state court.

### III. Certificate of Appealability

Having determined Petitioner's objection lacks merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling concerning the time-bar debatable. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objection (Dkt 8) is DENIED and the Report

and Recommendation of the Magistrate Judge (Dkt 7) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the motions disqualify judges, for recusal, and to remand (Dkts 5, 9, 13) are DENIED.

**IT IS FURTHER ORDERED** that the motions to appoint counsel (Dkts 4, 14) are DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: September 21, 2015            /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge